**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| STEPHEN KNUTH, )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MACY'S RETAIL HOLDINGS, LLC, )<br>)<br>)<br>     Defendant. )<br>) | Case No.<br><br>State Court No: 2020-SC-052164-O<br>(in the County Court of the Ninth Judicial<br>Circuit in and for Orange County – Judge<br>Evellen H. Jewett) |

**NOTICE OF REMOVAL**

Defendant Macy's Retail Holdings, LLC (improperly named as a defendant in this action)[1], by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b), and files this Notice of Removal to the United States District Court for the Middle District of Florida, Orlando Division, and for grounds of this Notice of Removal, states:

1.      On November 16, 2020, Plaintiff Stephen Knuth ("Plaintiff") filed a Statement of Claim against Macy's Retail Holdings, LLC, in the County Court of the Ninth Judicial Circuit in and for Orange County, State of Florida, captioned *Stephen Knuth v. Macy's Retail Holdings, LLC*, Case No. 2020-SC-52164-O ("Complaint").

2.      The United States District Court for the Middle District of Florida has jurisdiction over this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Because the alleged occurrence giving rise to this action occurred in Orange County, Florida, removal to this judicial district is appropriate.

---

[1] Plaintiff has improperly named the Defendant in this matter as "Macy's Retail Holdings, LLC." Based on Defendant's reading of the sparse allegations in this case, the proper entity should be Macys.com, LLC, for which Macy's Retail Holdings, LLC is the sole member.

4.      Plaintiff's Complaint seeks recovery for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA").  Specifically, Plaintiff alleges he received nine unlawful texts from Defendant in violation of the TCPA.

## I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331.

5.      This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331, and this matter is removable pursuant to 28 U.S.C. § 1441, because the federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

6.      Plaintiff's claims made pursuant to the TCPA arise under federal law.  It is well-settled that actions arising under the TCPA constitute the basis for federal question jurisdiction. *See, e.g.*, *Speidel v. Am. Honda Fin. Corp.*, 2014 U.S. Dist. LEXIS 26778, *5-6 (M.D. Fla. Feb. 28, 2014) (*citing Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012)).  This removal is therefore proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 because of this Court's original jurisdiction.

## II.     DEFENDANT HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

7.      The County Court of the Ninth Judicial Circuit in and for Orange County, Florida, is located within the Middle District of Florida, *see* 28 U.S.C. § 89(b), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Federal District Court for the Middle District of Florida is the "district and division embracing the place where such action is pending."

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process, and orders in the state court file are attached hereto as Exhibit "A".  No further proceedings have been had therein, and Macy's has not filed its response to Plaintiff's Complaint.

9.      Macy's first received a copy of the Complaint when its registered agent was served on November 17, 2020.  Removal is within thirty days and is therefore timely pursuant to 28 U.S.C. § 1446(b).

10.     Immediately following the filing of this Notice of Removal, written notice of the filing will be provided to Plaintiff and filed with the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Macy's Retail Holdings, LLC (improperly named) prays this Honorable Court accept jurisdiction of said action, and for such other and further relief as this Court deems just and proper.

Dated:  December 16, 2020                    Respectfully submitted,

By:     /s/NELSON C. BELLIDO
        Nelson C. Bellido
        Florida Bar No. 974048
        ROIG LAWYERS
        44 W. Flagler Street, Suite 2100
        Miami, FL 33130
        Tel: (305) 405-0997
        Fax: (305) 405-1022
        Email: nbellido@roiglawyers.com
        Pleadings@RoigLawyers.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 16th day of December, 2020, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.  A copy of the foregoing is being sent via U.S. Mail to:

## SERVICE LIST

Mr. Stephen Knuth
1400 Morgan Stanley Avenue, Unit #538
Winter Park, FL 32789

By:     /s/NELSON C. BELLIDO
        Nelson C. Bellido